| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

----------------------------------------------------------x
THERESA E. WELCH and
ANGELICA A. WELCH,

                      Plaintiffs,        **MEMORANDUM and ORDER**

    -against-

                                                   03-CV-2528 (SLT)(CLP)

WYELER ALEXIS, CLAUDE FILS AIME,
FRANCK D. FILS-AIME and
MARGUERITE A. HESSINI,

                      Defendants.
----------------------------------------------------------x

**TOWNES, United States District Judge:**

       On May 21, 2003, plaintiffs brought this action pursuant to 28 U.S.C. § 1332, seeking to recover damages for injuries they allegedly sustained in a January 2003 motor vehicle accident. In April 2004, plaintiffs moved pursuant to Fed. R. Civ. P. 37 to strike the answers of defendants Wyeler Alexis, Claude Fils Aime and Franck Fils-Aime on the ground that these defendants had failed to comply with court-ordered discovery. In a report and recommendation dated May 26, 2004 (the "R&R"), Magistrate Judge Pollak recommended that plaintiffs' motion to strike be denied. However, noting that it was "not clear that counsel has done all that is possible to locate defendants," Magistrate Judge Pollak recommended that defendants be precluded from testifying and that "plaintiffs' counsel be awarded reasonable attorney's fees and costs incurred in pursuing this motion, subject to the submission of an affidavit and supporting documentation." R&R at 7.

       Although the R&R did not expressly state who was to pay plaintiffs' attorney's fees, defendants did not file any objections to the R&R.[1] On June 23, 2004, Judge Amon adopted the

---

[1] Instead, defendants' counsel apparently engaged in an *ex parte* conversation with Magistrate Pollak's chambers. *See* Letter from Dominick DeSantis to Hon. Cheryl L. Pollak, filed June 8, 2004. Although defendants' counsel alleges that chambers informed him that Magistrate Judge Pollak had not intended to sanction defendants' counsel, the R&R was never amended and defendants' counsel's allegations are inadmissible hearsay.

R&R in its entirety. Defendants never formally moved for reconsideration of Judge Amon's order.

Following the adoption of the R&R, plaintiffs counsel filed the affidavit and supporting documentation requested in that R&R. That documentation, as supplemented at the request of Magistrate Judge Pollak, consists of an affidavit from Jonathan J. Ross, the associate who prepared the Rule 37 motion; a copy of Mr. Ross's curriculum vitae; and excerpts from contemporaneous time records reflecting the amount of time plaintiffs' counsel allegedly spent preparing the motion papers.

According to plaintiffs' documentation, Mr. Ross was a very experienced senior associate at the time he drafted the Rule 37 motion, having spent approximately ten years litigating for a small intellectual property law firm before joining plaintiffs' counsel in early 2004. Notwithstanding his experience, however, Mr. Ross states that it took him an hour to review the file and to "outline" his Rule 37 motion; 7.25 hours to research and read cases relating to Rule 37 sanctions; 2.5 hours to prepare a notice of motion and a short declaration; and 5.5 hours to draft a five-page "brief." Although he allegedly spent a total of 16.25 hours preparing the draft motion, Mr. Ross claims that his supervisor needed one hour to review and revise the draft and that Mr. Ross required yet another hour to "finalize" it. In addition, Mr. Ross states that he had to spend another 2.5 hours to prepare his reply: a two and one-half page declaration which does not cite to a single case.

Defendants do not seek to contest Mr. Ross's requested rate of $200 per hour. Indeed, Eastern District cases have approved fees in the $200 per hour range for senior associates. *See*, *e.g.*, *Commission Express Nat'l, Inc. v. Rikhy*, No. CV-03-4050 (CPS), 2006 WL 385323, at *6 (E.D.N.Y. Feb. 17, 2006). However, defendants' counsel argues that the number of hours

R&R in its entirety. Defendants never formally moved for reconsideration of Judge Amon's order.

Following the adoption of the R&R, plaintiffs counsel filed the affidavit and supporting documentation requested in that R&R. That documentation, as supplemented at the request of Magistrate Judge Pollak, consists of an affidavit from Jonathan J. Ross, the associate who prepared the Rule 37 motion; a copy of Mr. Ross's curriculum vitae; and excerpts from contemporaneous time records reflecting the amount of time plaintiffs' counsel allegedly spent preparing the motion papers.

According to plaintiffs' documentation, Mr. Ross was a very experienced senior associate at the time he drafted the Rule 37 motion, having spent approximately ten years litigating for a small intellectual property law firm before joining plaintiffs' counsel in early 2004. Notwithstanding his experience, however, Mr. Ross states that it took him an hour to review the file and to "outline" his Rule 37 motion; 7.25 hours to research and read cases relating to Rule 37 sanctions; 2.5 hours to prepare a notice of motion and a short declaration; and 5.5 hours to draft a five-page "brief." Although he allegedly spent a total of 16.25 hours preparing the draft motion, Mr. Ross claims that his supervisor needed one hour to review and revise the draft and that Mr. Ross required yet another hour to "finalize" it. In addition, Mr. Ross states that he had to spend another 2.5 hours to prepare his reply: a two and one-half page declaration which does not cite to a single case.

Defendants do not seek to contest Mr. Ross's requested rate of $200 per hour. Indeed, Eastern District cases have approved fees in the $200 per hour range for senior associates. *See*, *e.g.*, *Commission Express Nat'l, Inc. v. Rikhy*, No. CV-03-4050 (CPS), 2006 WL 385323, at *6 (E.D.N.Y. Feb. 17, 2006). However, defendants' counsel argues that the number of hours

which plaintiffs' counsel allegedly took to prepare the Rule 37 motion, to read defendants' opposition thereto, and to formulate a reply are unreasonable. As discussed in detail below, this Court agrees with defendants.

This Court will accept that it may have taken Mr. Ross as long as an hour to review the file and to identify the salient portions of the record. However, the Rule 37 issues presented by the records were hardly complex, and should not have taken over seven hours to research and digest. An experienced attorney like Mr. Ross, who states in his curriculum vitae that he has "conducted all aspects of federal . . . litigation," should already be familiar with Rule 37. If not, he should have consulted other members of his firm – the Bostany Law Firm – which had litigated a case involving Rule 37 sanctions in the Second Circuit less than two years before Mr. Ross prepared his brief. *See Momentum Luggage & Leisure Bags v. Jansport, Inc*., 45 Fed. Appx. 42, 44 (2d Cir. 2002). Therefore, this Court will permit recovery for only one of the 7.25 hours allegedly spent researching the law.

Plaintiffs' counsel's also seeks to recover for the eight hours it allegedly took Mr. Ross to draft a notice of motion, a declaration, and a memorandum of law in support of the motion. However, it should not have taken a very experienced senior associate a full eight hours to draft this motion for sanctions. The declaration, which is barely four pages long and is written in a large font with generous margins, contains only twelve short paragraphs, referencing nine exhibits. The memorandum of law, which is written in the same large font, contains less than three pages of analysis. The rest of the memorandum repeats the same facts alleged in the declaration. This motion could, and should, have been written in half the time requested. Accordingly, this Court will award four hours for the drafting of the motion.

This Court also does not understand how any experienced, supervising attorney could spend an hour reviewing this motion. Moreover, plaintiffs' counsel's submissions in support of the application for attorney's fees not only fail to identify the individual who reviewed Mr. Ross's work, but fail to include his or her resume or any other explanation of how his or her exorbitant rate of $410 per hour can be justified. "Since it is the [p]laintiffs' responsibility to establish the qualifications and experience of their attorneys, the Court will not award attorney's fees for the work of . . . individuals it could not identify." *Sony Pictures Home Entertainment Inc. v. Chetney*, No. 5:06-CV-227 (FJS/GJD), 2007 WL 655772, at *4, n. 1 (N.D.N.Y. Feb 26, 2007).

Plaintiffs' counsel also seeks to recover for the hour Mr. Ross allegedly spent to "finalize" the papers. Plaintiffs' papers do not, however, offer any explanation of what work was necessary to "finalize" the submission. A party seeking attorney's fees must "support that request with contemporaneous time records that show . . . the nature of the work done." *Garden City Boxing Club, Inc. v. Morales*, No. 05-CV-0064 (FB) (KAM), 2005 WL 2476264, at *9 (E.D.N.Y. Oct. 7, 2005) (internal quotations and citations omitted). Since this Court cannot determine the nature of the work done to "finalize" the papers, it will not permit recovery of attorney's fees for this hour.

Defendants' papers in opposition to plaintiffs' Rule 37 motion were not so lengthy or complex as to require an hour and one-half to review. Defendants' memorandum of law offered no new or complex analysis, but largely distinguished the cases cited by plaintiffs' counsel. Since Mr. Ross states that he spent 3.25 hours reading and briefing those very cases, and spent another hour reviewing the short history of this litigation, this Court is confident that Mr. Ross could have reviewed defendants' opposition papers in half an hour.

Finally, plaintiffs' two-and-one-half-page reply declaration could not reasonably have required two and one-half hours to prepare. This document – written in the same large font and with the same large margins as Mr. Ross's prior declaration in support of the motion – does not cite to a single case or contain any legal analysis. This document should not reasonably have required more than an hour to finish.

Accordingly, this Court finds that plaintiffs' counsel is entitled to recover for 7.5 hours of Mr. Ross's time. Since defendants concede that $200 per hour is reasonable, this Court hereby awards sanctions in the amount of $1,500. Although the R&R did not explicitly state from whom such sanction were to be recovered, Magistrate Judge Pollak's observation that "counsel has not done all that is possible to locate defendants" clearly implies that she intended to impose the sanctions upon Connors & Connors, P.C., counsel for defendants Wyeler Alexis, Claude Fils Aime and Franck Fils-Aime.[2]

---

[2]Although plaintiffs' proposed order seeks to recover sanctions from defendant Hessini as well, the docket sheet does not reflect that plaintiffs ever formally moved for, or were awarded sanctions, against this party.

## CONCLUSION

For the reasons stated above, this Court concludes that the reasonable attorney's fees incurred in the prosecution of plaintiffs' Rule 37 motion amount to $1,500. Connors & Connors, P.C., counsel for defendants Wyeler Alexis, Claude Fils Aime and Franck Fils-Aime, is hereby directed to pay plaintiffs' counsel $1,500 within thirty (30) days of the date of this Memorandum and Order.

**SO ORDERED.**

/s/
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
March 20, 2007